UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>GE PETROLEUM EQUIPMENT CORPORATION LLC and GE PETROLEUM EQUIPMENT (BEIJING) CO., LTD.,<br><br>    Defendants | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff General Electric Company ("GE") files this complaint for trademark infringement, unfair competition, trademark dilution, and unjust enrichment.

### I.   The Parties

1.   Plaintiff GE is a New York corporation with its principal place of business at 41 Farnsworth Street, Boston, MA 02210.

2.   Defendant GE Petroleum Equipment Corporation LLC is a limited liability company organized in the State of Texas with its principal place of business in Texas. Its address is 2514 Colliford Creek Ct, Katy, TX 77494-3718.

3.   Defendant GE Petroleum Equipment (Beijing) Co., Ltd. is a limited liability company organized in the People's Republic of China with its principal place of business in China and its Marketing Center in Houston, Texas. Its address is 6F Satellite Building, No. 63, Zhichun Roada, Haidian District, Beijing, China.

1

## II.   Jurisdiction & Venue

4. This complaint brings claims for federal trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

5. This complaint also brings claims under Texas state law. The Court has supplemental jurisdiction to hear the Texas law claims under 28 U.S.C. § 1367(a).

6. The Court has personal jurisdiction over Defendant GE Petroleum Equipment Corporation LLC because it is a limited liability company organized in the State of Texas and based in this District.

7. The Court has personal jurisdiction over Defendant GE Petroleum Equipment (Beijing) Co., Ltd. because it has sufficient minimum contacts with the State of Texas and this District. For example (but not exhaustively), its Marketing Center is located in Houston, Texas. *See* **Exhibit 1**. Alternatively, the Court has personal jurisdiction over GE Petroleum Equipment (Beijing) Co., Ltd. because its "alter ego" is GE Petroleum Equipment Corporation LLC—the Texas entity based in this District. Thus, this complaint will sometimes refer to the Defendants together as "GE Petroleum."

8. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) because both Defendants reside in this District under 28 U.S.C. § 1391(c)(2) and (d). Venue in this District is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the complained-of conduct occurred in or had effects in this District.

### III. Facts

#### A. GE's History and Energy Businesses

9. GE's history dates back to 1878, when the well-known inventor Thomas Edison created the Edison Electric Light Company. In 1890, Edison organized his various businesses into the Edison General Electric Company. Soon after, Edison merged his company with the Thomas-Houston Electric Company. This merger created the General Electric Company, widely known as GE.

10. Throughout its 125-year existence, GE has expanded its business. The company is—and always has been—on the cutting edge of new and emerging industries. Today, GE is one of the world's leading multinational energy, technology, and industrial companies, with more than 300,000 employees worldwide in more than 100 countries.

11. As a large multinational corporation, GE operates several primary businesses. Each business is itself a vast enterprise. Indeed, many of GE's businesses would rank in the Fortune 500 if they were standalone companies.

12. Several of GE's businesses operate in the oil, gas, and energy industries. These businesses include but are not limited to GE Oil & Gas, GE Energy Connections, GE Renewable Energy, and GE Power.

13. GE Oil & Gas is a global leader in equipment and services for the oil and gas industry. It operates in virtually all phases of the industry, from well drilling and completion to production, transportation, refining, and processing.

14. GE Oil & Gas—like GE's other energy-related businesses—produces significant revenue and contributes substantially to GE's overall success. For example, in the year 2015, GE Oil & Gas delivered over $16 billion in revenue.

15. In the fall 2016, GE announced that GE Oil & Gas would combine with the renowned Houston-based oilfield-services company Baker Hughes. The GE-controlled Baker Hughes will be the world's second-largest oilfield-services company.

B. GE's Strong & Famous Marks

16. For decades, GE has continuously used various marks in connection with its goods and services. These include, for example, the GE word mark (a standard character mark) and the GE Monogram design mark shown below (collectively, the "GE Marks").

17. GE also uses "GE" as a trade name and mark in its various business units (e.g., GE Oil & Gas, GE Renewable Energy, GE Power, GE Aviation, GE Transportation, GE Digital, and others).

18. GE has been diligently registering the GE Marks with the U.S. Patent and Trademark Office for more than 116 years. GE's registration No. 35,089 issued on September 18, 1900, with a first use of May 1899. That registration is valid, subsisting, and incontestable. *See* **Exhibit 2**.

19. GE now owns more than 100 federal registrations for the GE Marks for use on a wide variety of goods and services. This includes goods and services in the oil, gas, and energy industries. The table below shows representative examples of GE's federal registrations:

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| GE | 2,652,010 | November 19, 2002 | Computer software for . . . underground navigation, namely, for navigation of downhole probe assembly for oil drilling and drilling assemblies for routing underground utilities. (Class 9) |
| GE | 3,248,414 | May 29, 2007 | . . . [C]onditioning systems, gas cleaning systems, industrial process systems, fuels and fuel processing systems, hydrocarbon and gas processing systems, oil and gas processing and petrochemical systems . . . (Class 1) |
| GE | 3,399,353 | March 18, 2008 | Installation, maintenance and repair services for compressors and pumps, namely machines, turbo expanders, fuel pumps and fuel distribution equipment, CNG refueling equipment, gas turbines, steam turbines, air cooled heat exchangers, steam condensers, heavy wall reactors and tubular reactors; oil and gas pipeline maintenance and repair services; oil well casing, tubing and drill pipe installation; rental of oil and gas well drilling tools. (Class 37)<br><br>Engineering services; technical consultation and research services in the oil and gas industries; oil and gas exploration services; geophysical exploration for the oil and gas industries; analysis of oil and gas fields; oil and gas prospecting, namely well logging and testing; oil and gas well testing; oil and |

| | | | |
|---|---|---|---|
| | | | gas pipeline inspection; remote monitoring and diagnostic services for compressors and pumps, namely machines, turbo expanders, fuel pumps and fuel distribution equipment, CNG refueling equipment, gas turbines, steam turbines, air cooled heat exchangers, steam condensers, heavy wall reactors and tubular reactors. (Class 42) |
| [GE Monogram Design] | 2,642,946 | October 29, 2002 | Computer software for . . . underground navigation, namely, for navigation of downhole probe assembly for oil drilling and drilling assemblies for routing underground utilities. (Class 9) |
| [GE Monogram Design] | 3,406,484 | April 1, 2008 | Engineering services; technical consultation and research services in the oil and gas industries; oil and gas exploration services; geophysical exploration for the oil and gas industries; analysis of oil and gas fields; oil and gas prospecting, namely well logging and testing; oil and gas well testing; oil and gas pipeline inspection; remote monitoring and diagnostic services for compressors and pumps, namely machines, turbo expanders, fuel pumps and fuel distribution equipment, CNG refueling equipment, gas turbines, steam turbines, air cooled heat exchangers, steam condensers, heavy wall reactors and tubular reactors. (Class 42) |

20. These registrations are all valid and subsisting. Also, they are all incontestable under 15 U.S.C. § 1065. **Exhibit 2** contains copies of the federal registration certificates.

21. GE's use of its GE Marks has been consistent, longstanding, and widespread. For example, the GE Monogram has been virtually unchanged since 1900:



22. GE has developed substantial goodwill in its GE Marks. The GE Marks are respected by the public and represent GE's commitment to providing world-class goods and services, including in the oil, gas, and energy industries.

23. The relevant consuming public recognizes and strongly associates the GE Marks with GE. The GE Marks serve to identify and distinguish GE's goods and services from others.

24. As a result of GE's longstanding and widespread use and promotion of the GE Marks, the marks have become famous nationwide and within the State of Texas.

25. The GE Marks are particularly strong and famous in the oil, gas, and energy industries within the State of Texas.

26. For all these reasons, in addition to its federally registered rights, GE has strong common law rights in the GE Marks.

C.    Defendants' Unlawful Activities

27.    Defendants offer goods and services for the oil and gas industries. They operate and have operated in Texas and elsewhere in the U.S. under the mark GE PETROLEUM and associated marks (e.g., GE PETROLEUM EQUIPMENT and GE HOLDINGS).

28.    Defendants use and have used GE PETROLEUM and the associated marks in commerce.

29.    GE PETROLEUM and the associated marks used by Defendants are confusingly similar to the GE Marks.

30.    Defendants' goods and services provided under GE PETROLEUM and the associated marks are extremely similar, if not identical, to some of the goods and services provided by GE (and GE Oil & Gas in particular) under the GE Marks. **Exhibit 3** contains a screenshot from Defendants' website listing the goods and services they offer.

31.    Defendants' use of GE HOLDINGS conveys the impression that Defendants are part of a conglomerate. This exacerbates the likelihood of consumer confusion with GE because GE is a well-known diversified multinational corporation.

32.    On information and belief, Defendants were aware of the GE Marks when they selected the mark GE PETROLEUM and the associated marks. Defendants selected these marks in bad faith, hoping to purposefully trade off the goodwill and fame of the GE Marks.

33. GE began using the GE Marks in commerce and in Texas long before Defendants began using GE PETROLEUM and the associated marks. Thus, GE has priority.

34. Defendants' use of GE PETROLEUM and the associated marks began after the GE Marks had become famous in the U.S. and within the State of Texas.

35. GE did not authorize or permit Defendants' use of GE PETROLEUM or any other marks or names confusingly similar to the GE Marks.

D.   GE's Demand Letters to Defendants

36. GE first learned about Defendants' unauthorized use in May 2016, when representatives from GE Oil & Gas encountered GE Petroleum at an OTC trade show in Houston, Texas.

37. Promptly after learning of Defendant's unauthorized use, GE's outside counsel in China sent a demand letter to GE Petroleum's headquarters in Beijing.

38. After receiving GE's first demand letter, GE Petroleum posted a "disclaimer" on its website explaining that GE Petroleum has no relationship with GE. However, even in posting this "disclaimer," Defendants have demonstrated their willful efforts to trade off of GE's goodwill. Although no disclaimer would begin to obviate the likelihood of confusion on these facts, this particular disclaimer was not of the customary type—it was a one-time posting on the "News" section of Defendants' website under "Events." The posting is very difficult to find without knowledge of how to access it. A screenshot of this "disclaimer" from GE Petroleum's website is attached as **Exhibit 4**.

9

39. GE's outside counsel in China followed up with another demand letter to GE Petroleum on August 19, 2016. GE Petroleum did not respond.

40. Soon after, GE engaged a U.S. law firm to send another demand letter to GE Petroleum's "alter ego" office in Houston, attached as **Exhibit 5**. Again, GE Petroleum did not respond.

### E. Effects of Defendants' Unlawful Actions

41. Defendants' unlawful actions are likely to cause confusion, to cause mistake, or to deceive consumers or potential consumers. Defendants' unauthorized use of GE PETROLEUM in commerce will likely cause consumers to perceive some sponsorship, affiliation, or connection with GE, even though no such sponsorship, affiliation, or connection exists.

42. Defendants' unlawful actions falsely designate the origin of Defendants' goods and services. Their actions also falsely describe or represent facts by suggesting that Defendants' goods and services are somehow affiliated with GE.

43. Defendants' unlawful actions have enabled them to trade off of GE's goodwill, built up by GE's decades of continuously and exclusively using the GE Marks.

44. Defendants' unlawful actions place GE's reputation and goodwill at least partially in the hands of Defendants, whose goods and services GE cannot control.

45. Defendants' unlawful actions are likely to cause dilution of the famous GE Marks in the U.S. and in Texas. These unlawful actions began or continued after the GE Marks became famous in the U.S. and in Texas.

46. Defendants' unlawful actions have caused them to become unjustly enriched at the expense of GE.

### IV. Causes of Action

#### Count 1: Federal Trademark Infringement

47. GE incorporates and re-asserts the paragraphs above.

48. Defendants' actions infringe GE's federally registered trademarks, in violation of 15 U.S.C. § 1114(1).

#### Count 2: Federal Unfair Competition

49. GE incorporates and re-asserts the paragraphs above.

50. Defendants' actions are unfair competition against GE, in violation of 15 U.S.C. § 1125(a).

#### Count 3: Federal Trademark Dilution

51. GE incorporates and re-asserts the paragraphs above.

52. Defendants' actions are likely to cause dilution by blurring of GE's famous and distinctive GE Marks, in violation of 15 U.S.C. § 1125(c).

#### Count 4: Texas Common Law Trademark Infringement

53. GE incorporates and re-asserts the paragraphs above.

54. Defendants' actions infringe GE's trademark rights, in violation of Texas common law.

#### Count 5: Texas Common Law Unfair Competition

55. GE incorporates and re-asserts the paragraphs above.

56. Defendants' actions are unfair competition against GE, in violation of Texas common law.

Count 6: Texas Trademark Dilution

57. GE incorporates and re-asserts the paragraphs above.

58. Defendants' actions are likely to cause dilution of GE's famous and distinctive GE Marks in Texas, in violation of Texas Business & Commerce Code section 16.103.

Count 7: Texas Unjust Enrichment

59. GE incorporates and re-asserts the paragraphs above.

60. Defendants' actions have unjustly enriched them at the expense of GE, in violation of Texas common law.

### V.     Willful Conduct by Defendants

61. With respect to each cause of action above, Defendants' violations are (and have been) willful.

62. Defendants adopted GE PETROLEUM and the associated marks with knowledge of GE and its famous GE Marks. Defendants purposefully chose to use GE PETROLEUM and the associated marks despite this knowledge, hoping to trade off of GE's goodwill in the GE Marks.

63. Defendants have continued using GE PETROLEUM and the associated marks even after receiving notice from GE that Defendants' use violated GE's rights.

### VI.     Damages; Profits; Injunctive Relief

64. GE has been and will continue to be harmed by Defendants' unlawful actions described above.

65. GE is entitled to money damages (trebled), GE Petroleum's profits (increased as the Court finds just under principles of equity), and costs of Court under federal and state law.

66. However, money damages cannot fully compensate GE for the harm it has suffered and continues to suffer. GE is entitled to a permanent injunction to remedy this ongoing and irreparable harm.

## VII. Prayer

GE asks the Court for the following relief:

A. enter judgment in GE's favor on all of its claims;

B. permanently enjoin Defendants—and their officers, directors, managers, agents, servants, employees, successors, assigns, and attorneys, and other persons who are in active concert or participation with them—from using the mark GE PETROLEUM, any associated marks, and any other marks confusingly similar to the GE Marks;

C. award GE all monetary remedies to which it is entitled under federal and Texas law, including profits realized by Defendants (increased as the Court finds just under principles of equity), all damages (trebled) sustained by GE, and costs of this action, under 15 U.S.C. § 1117(a) and Texas Business and Commerce Code chapter 16;

D. award to GE reasonable attorney's fees under 15 U.S.C. § 1117(a) and Texas Business and Commerce Code chapter 16;

E. award to GE prejudgment and postjudgment interest; and

F. award any other relief that the Court deems just and proper.

## VIII. Jury Demand

GE demands a jury trial on all issues triable by a jury.

DATED: January 31, 2017

                                      Respectfully submitted,

                                      /s/ *Louis T. Pirkey*
                                      Louis T. Pirkey
                                        *Attorney-in-Charge*
                                      State Bar No. 16033000
                                      S.D. Tex. Bar No. 391
                                      PIRKEY BARBER PLLC
                                      600 Congress Ave., Suite 2120
                                      Austin, TX 78701
                                      (512) 322-5200
                                      (512) 322-5201 (fax)
                                      lpirkey@pirkeybarber.com

*Of Counsel:*

William G. Barber
State Bar. No. 01713050
S.D. Tex. Bar. No. 11142
Travis R. Wimberly
State Bar No. 24075292
S.D. Tex. Bar No. 1804532
PIRKEY BARBER PLLC
600 Congress Ave., Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (fax)
bbarber@pirkeybarber.com
twimberly@pirkeybarber.com

                           *Counsel for Plaintiff General Electric Company*